## Bair Estate v. Harrisburg Hunters and Anglers Association

*Joseph J. Dixon,* for plaintiff.
*Randall G. Gale,* for defendant.

DOWLING, *J.,* April 3, 1990 — Perhaps the most prolific source of discovery disputes is experts; their identity, reports and purported testimony. Both plaintiffs and defendants want to play their cards close to the chest and put them on the table as near the end of the hand as possible.

However, since the advent of the rules of discovery, this practice has been frowned upon, sometimes to the dismay of plaintiff's counsel, at other times to the chagrin of defense lawyers, and, as we have commented in an opinion just last month,[1] to the chagrin of this particular trial judge.

In the game now being played, defendant's attorney is attempting to delay discovery of expert information by stating that he has not yet decided if his expert will be called to testify; and, if not, his information is privileged.

The facts are instructive. Dorothy Bair, while occupying the caretaker's cottage of the Hunters

---

1. *Lane v. Hartford Accident,* 5 D.&C. 4th 32 (1990).

and Anglers Association, was burned to death in a fire on the premises on March 4, 1988. Suit was instituted November 30, 1988, and along with the writ of summons was served a request for production of documents which included a request for:

"(2) All expert opinions, reports, summaries or other writings in your custody or control or in the custody or control of your attorney or insurers, which relate to the subject matter of this litigation."

Defendant responded on January 6, 1989 by stating:

"(2) Objected to as beyond the scope of Pa. Rules of Civil Procedure."

Later, on December 6, 1989, plaintiff served interrogatories asking, inter alia:

"(2) If you or anyone on your behalf has conducted any investigations of the incident which is the subject matter of the complaint, identify:

"(a) each person, and the employer of each person, who conducted any investigations:

"(b) the dates of the investigations;

"(c) all notes, reports or other documents prepared during or as a result of the investigations and the identity of the persons who have possession thereof."

When defendant failed to answer the interrogatories, plaintiff filed a motion for sanctions on February 8, 1990. This court held a 5A discovery conference and entered an order on February 14, 1990 directing defendant to respond to plaintiff's interrogatories within 10 days. On February 19, 1990, defendant answered the interrogatory at issue by responding:

"Defendant had a fire expert, Gerald J. Kufta, investigate on March 4, 1988. A report is in the possession of counsel."

Of particular significance is also defendant's answer to interrogatory no. 3, especially its response to (3)(d):

*Question:*

"(3) Please identify each person whom you expect to call as an expert witness at trial, stating as to each person:

"(a) full name, home address, business address:

"(b) the subject matter on which the expert is expected to testify:

"(c) the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The answer or separate report must be signed by each expert; and

"(d) the date when the expert was initially contacted by defendant, defendant's counsel, or any individual representing the defendant or acting in any fashion on behalf of the defendant."

*Answer:*

"(3)(a-c) No determination has yet been made as to experts.

"(3)(d) Objection. Interrogatory (3)(d) seeks information beyond the scope of expert discovery by the Pennsylvania Rules of Civil Procedure."

Plaintiff then filed a second motion for sanctions on February 28 claiming that defendant's answer and objections were untimely, being beyond the 30-day limitation imposed by Pa.R.C.P. 4006(a)(2), and that they were not an appropriate response to the court order.

The matter before us concerns plaintiff's second motion for sanctions in which it requests the production of certain documents; specifically, the report of plaintiff's expert, Gerald J. Kufta.

We can quickly dispose of the late filing issue, for the matter was dealt with by the court's order of

February 14, directing a response within 10 days, which was complied with; although not to plaintiff's satisfaction.

It is defendant's position that the rules pertaining to experts[2] are inapplicable since it has not determined whether Mr. Kufta will be called as an expert, and, as such, the information is protected by Rule of Civil Procedure 4003.5(3):

"(3) A party may not discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. . . . "

Defendant would have it both ways. It admits it has an expert, but says it needn't comply with Rule of Civil Procedure 4003.5(1) pertaining to experts' reports because it hasn't decided if it will use him at trial, and needn't comply with Rule of Civil Procedure 4003.5(3) because he was retained in anticipation of trial.

It would appear that the Hunters and Anglers Association wants to run with the hares and hunt with the hounds.

One might inquire as to how long a party may withhold the appellation of a potential witness as a *"trial* expert," and thus, be exempted from discovery. Fortunately, plaintiff's request need not be decided on these grounds. We will accept, for the

2. "(1) A party may through interrogatories require

"(a) any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

"(b) the other party to have each expert so identified by him state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogatories may file as his answer a report of the expert or have the interrogatories answered by his expert. The answer or separate report shall be signed by the expert."

moment, defense's quandary as to whether to call Mr. Kufta to the stand and base our decision on the general rule that "a party may obtain discovery regarding any matter not privileged which is relevant to the subject matter involved in the pending action . . . "[3] for obviously, information gleaned from an on-site investigation of the fire is of primary relevancy. As to the exception in 4003.5(3), it will be recalled that suit was not instituted until nearly nine months after the catastrophe; and since we are not dealing with the human period of gestation, where, admittedly, a birth occurring in late November could have been conceived in early March, it is difficult to say that Mr. Kufta, retained when the ruins were still smoldering, was employed in anticipation of litigation or preparation for trial.

It is also helpful to note defendant's answer to interrogatory (3)(d), where plaintiff asked for details as to when the expert was initially contacted by defendant's counsel, or any individual representing defendant, which interrogatory defendant refused to answer. The most reasonable interpretation is that the expert was there on behalf of the fire insurance company to begin the ordinary claims processing of the fire damage.

Defendant's gamesmanship seems contrary to the spirit of the rules of discovery which call for a liberal construction.[4]

---

3. Rule of Civil Procedure 4003.1.

4. 4001:3. *Liberal Construction of Rules* — In accordance with the precept of rule 126, *supra,* that the Pennsylvania Rules of Civil Procedure shall be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable, the courts since the inception of the rules have followed the policy that discovery should be liberally allowed and that the limitations thereof should be narrowly construed. The opinions interpreting the original 1951 rules were unanimous in their support

Interestingly enough, the very defense counsel representing Harrisburg Hunters ànd Anglers Association were engaged in a similar situation in our sister county across the broad Susquehanna. In *Wolf v. Old Guard Mutual Insurance Company*, 47 D.&C. 3d 218 (1987), a fire occurred on September 20, 1984, and the defendant retained UBA Fire and Explosion Investigators to determine the origin of the conflagration. Suit was not filed until January 22, 1986, along with a request for production of documents including the UBA expert report. Defendant refused to produce it, and a motion for sanctions was filed. The defense, as here, took the position that not only was the UBA investigation conducted "in anticipation of litigation" or as "preparation for trial," but that, in addition, it had not yet been determined whether UBA would be called at trial.

In directing defendant to produce the report, Judge Kevin A. Hess stated:

"In summary, the UBA report was commissioned in the ordinary course of the claims process. It is admitted that UBA was retained immediately after the fire and that it visited the scene within one week and that a report was issued. It is therefore clear, to us, that the UBA investigation, conducted immediately after the fire, is simply part of the body of evidence in this case and is not at all the type of 'facts known or opinions held by an expert' within the meaning of rule 4003.5. In short, we are satisfied that plaintiffs are entitled to a copy of the report as a matter of appropriate discovery." *Wolf* at 222.

Accordingly, we enter the following

---

of wide discovery within the limits of the restraints of rule 4011, and the policy of liberal construction has continued to the present time. This is in accord with the policy of liberal construction of the Federal Rules of Civil Procedure, from which the basic discovery rules in Pennsylvania were derived.

## ORDER

And now, April 3, 1990, defendant, Harrisburg Hunters and Anglers Association, is ordered and directed to within seven days of the date hereof make available to counsel for plaintiff a complete copy of the investigative report of Gerald J. Kufta.